UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:08-CR-00278-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v | ) | ORDER |
| | ) | |
| CORNELIUS MORGAN | ) | |
| | ) | |

This matter is before the court on defendant's amended[1] motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 153.) This statute permits "[a] district court . . . to reduce a previously imposed term of imprisonment 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]'" United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(2)).

In 2009, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack"), 500 grams or more of cocaine, and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the court adopted the factual findings and guideline calculations of the presentence report ("PSR"). Defendant was found accountable for 102.3 grams of crack. Pursuant to U.S.S.G. § 2D1.1(c)(5) (2008), that quantity of crack resulted in a base offense level of 30. (PSR ¶ 39.) With an adjustment for acceptance of responsibility, the total offense level was determined to be 27. (Id. ¶¶ 46-47.) With a criminal history category of III, the resulting guideline range of imprisonment

---

[1]Defendant filed *pro se* a motion for a sentence reduction on 19 April 2012. (DE # 150.) With the assistance of counsel, defendant filed the instant motion, which the court considers to amend and supersede defendant's *pro se* motion.

was 87 to 108 months. (Id. ¶ 50.) However, because the applicable mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) (2006) was 10 years, that term became defendant's guideline range of imprisonment. See U.S.S.G. § 5G1.1(b) (2008) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). (See also PSR ¶ 50.) At sentencing, the government made a motion for downward departure below the mandatory minimum term based on substantial assistance pursuant to 18 U.S.C. § 3553(e), which the court allowed. (See DE # 116.) The court sentenced defendant to 85 months imprisonment.

With the instant motion, defendant seeks a sentence reduction based on Amendments 750 and 759 to the sentencing guidelines and the Fair Sentencing Act of 2010 ("FSA"). The FSA increased the amount of crack to trigger the statutory mandatory minimum terms of imprisonment. See Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). In turn, Amendment 750 to the sentencing guidelines further lowered offense levels for crack offenses, with Amendment 759 making Amendment 750 retroactive. See U.S.S.G. App. C (2011). Defendant argues that with these statutory and guideline amendments, the FSA's mandatory minimum term of imprisonment of five years is now applicable, and by virtue of the retroactive guideline amendment, the guideline imprisonment range has been reduced to 60 to 71 months. (Mem., DE # 154, at 1-2.) In proportionality to his substantial assistance downward departure, defendant urges the court to reduce his sentence of imprisonment to 43 months. (Id. at 3.) The government opposes the

2

motion.[2] The court concludes that defendant is ineligible for relief.

First, because defendant's sentencing preceded 3 August 2010, the effective date of the FSA, the FSA does not apply. See United States v. Mouzone, 687 F.3d 207, 221 (4th Cir. 2012) ("[T]he [FSA] applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" (quoting Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012); citing also United States v. Bullard, 645 F.3d 237, 248–49 (4th Cir. 2011))); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (recognizing that on a motion for a reduction of sentence under § 3582(c)(2), "the recalculation of the guidelines and the reduction of the sentence are not considered a full resentencing by the court"). Therefore, defendant's statutory mandatory minimum term of imprisonment remains 10 years.

Second, because defendant's sentence was based on that statutory mandatory minimum term, rather than the range under U.S.S.G. § 2D1.1(c), which Amendment 750 amended, defendant is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] defendant who was convicted of a crack offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2)." (citing United States v. Hood, 556 F.3d 226, 235-26 (4th Cir. 2009))).

---

[2]In accordance with this district's practice, the Probation Office reviewed the motion and submitted to the court a report and proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written response to the instant motion.

3

Defendant's motion is DENIED.

This 21 May 2013.

                                                W. Earl Britt
                                                Senior U.S. District Judge